**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Salvador Sanchez Macias,<br>Petitioner<br>-vs-<br>Charles L. Ryan, et al.,<br>Respondents. | CV-15-0623-PHX-SRB (JFM)<br><br>**Report & Recommendation**<br>**on Petition for Writ of Habeas Corpus** |

## I.    MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on April 6, 2015 (Doc. 1), and a Supplement on July 13, 2015 (Doc. 9).  On August 13, 2015 Respondents filed their Answer (Doc. 13).   Petitioner has not filed a Reply.

The Petitioner's Petition is now ripe for consideration.   Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II.    RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A.    FACTUAL BACKGROUND AND PROCEEDINGS AT TRIAL

The Presentence Investigation Report provided the following summary of the offense, drawn from police reports:

> On March 26, 2010, the five year old victim, [JC], spent the night with the defendant and his wife, who were friends of [RS], the victim's mother. The defendant's wife brought [JC] home after she had difficulty sleeping and was heard crying out "No Papi, no Papi". Papi is the name the victim used for the defendant. On the morning

1

of March 27, 20l0, [JC] told her mother that "Papi" had touched her "pee pee". He had kissed her ear and told her he loved her and wanted her to be his girlfriend, but that she could not tell anyone. [JC] told police that the defendant had put his fingers in her vagina and/or anus and that it had hurt. He did this on the evening of March 26, 2010, and she told the defendant that she did not want him to be her "Papi" anymore. A physical exam was conducted and a 0.7 cm red linear abrasion was found on her right buttocks. She also had a 0.7 cm red tear to the anus. She had a 0.5 cm X 2.1 cm red/purple contusion on her right ear where she said that she had been kissed or bitten by the defendant. No vaginal injuries were found.

(Exhibit P, *Pro Per* PCR Petition, at Exhibit B, Presentence Investigation at 1.) (Exhibits

to the Answer, Doc. 13, are referenced herein as "Exhibit ___.")

In disposing of Petitioner's Petition for Review in his post-conviction relief

(PCR) proceeding, the Arizona Court of Appeals summarized the factual and procedural

background as follows:

> Sanchez pled guilty to sexual conduct with a minor and attempted molestation of a child. The plea agreement stipulated that Sanchez would be sentenced to at least a twenty-year prison term for sexual conduct with a minor. The trial court sentenced him to a twenty-year prison term for that count, and suspended the imposition of sentence on the attempted molestation count, imposing a lifetime term of probation.

(Petition, Doc. 1, Exhibits at 50, Mem. Dec. 8/13/14.)  (*See also* Exhibit B, Indictment;

Exhibit C, Plea Agreement; Exhibit D, R.T. 9/21/10 (change of plea); Exhibit E, R.T.

2/22/11 (sentencing); Exhibit F (lifetime probation).)


**B.**     **PROCEEDINGS ON DIRECT APPEAL**

Petitioner did not file a direct appeal.  (Petition, Doc. 1 at 2.)  Moreover, as a

pleading defendant, Petitioner had no right to file a direct appeal. *See* Ariz.R.Crim.P.

17.1(e); and *Montgomery v. Sheldon*, 181 Ariz. 256, 258, 889 P.2d 614, 616 (1995).


**C.**     **PROCEEDINGS ON POST-CONVICTION RELIEF**

Some five months after sentencing, on July 26, 2011, Petitioner filed his Notice of

Post-Conviction Relief (Exhibit H).  Counsel was appointed (Exhibit I, M.E. 7/29/11)

who filed a petition to file a delayed PCR petition (Exhibit J).  That petition was granted,

permitting Petitioner to file his delayed PCR petition.  (Answer, Doc. 13 at 5.)[1]

Counsel eventually filed a Notice of Completion (Exhibit N) evidencing an inability to find an issue for review.  Petitioner then filed his *Pro per* Petition for Post-Conviction Relief (Exhibit P), providing a check-off style form denoting claims of newly discovered evidence, lack of jurisdiction, sentencing error, and a catchall reference to the grounds for post-conviction relief.  The factual basis alleged was that photographs of the victim's vagina showed no injury, indicating "her innocen[ce] wasn't lost." (*Id*.at Affidavit.)  The relief requested was a reduction in sentence.

In his PCR Reply (Exhibit R), Petitioner argued for the first time that the failure of the prosecution to disclose the lack of injury was a violation of the prosecution's disclosure duties under Ariz. R. Crim. P. 26.8(B) and 15.1(B).

The PCR court summarily dismissed the Petition, finding that no colorable claim was presented that the evidence was newly discovered, inasmuch as it was reflected in the presentence investigation report, and that it would not have resulted in a different sentence since it was cumulative of evidence before the court.  (Exhibit S, M.E. 2/12/13.) The PCR Court did not address the disclosure issue.

Petitioner then filed on March 21, 2013 a Petition for Review (Exhibit T), arguing that the prosecution's failure to introduce the photographs was misconduct in violation of Ariz. R. Crim. P. 15.1 and 26.8, and resulted in a denial of due process under *Brady v. Maryland,* 373 U.S. 83, 87 (1963).   Petitioner did not repeat his claim of newly discovered evidence.

On or about January 6, 2014, Petitioner filed a "Revised Petition for Review," raising for the first time claims that the plea agreement had been improperly modified to

---

[1] Allegations of a habeas answer, if not traversed, are to be accepted as true "except to the extent that the judge finds from the evidence that they are not true."  28 U.S.C. § 2248.  The undersigned finds nothing from the evidence to conclude that the allegation that the petition for delayed PCR was granted.   The undersigned does note that the support referenced for this proposition (Exhibit K, M.E. 1/5/12) does not purport to grant the petition for delayed PCR, but simply grants the request that it be filed without certification that it contains all of the petitioner's claims. The trial court did, however, ultimately deem the substantive petition timely. (*See* Exhibit S, M.E. 2/12/13 at 1.)

eliminate provisions for probation on Count 1, and ineffective assistance of counsel and prosecutorial misconduct related thereto.  (Supplement, Doc. 9 at 73.)  On January 24, 2014, the Arizona Court of Appeals construed the Revised Petition as a motion to supplement, and denied the motion.  (*Id.* at 76, Order 1/24/14.)

On August 13, 2014, the Arizona Court of Appeals granted review, but denied relief.  (Petition, Doc. 1, Exhibits at 50, *et seq.*)  The court opined that the PCR court properly declined to address the disclosure claim, it having been raised for the first time in Petitioner's PCR reply.  Consequently, the issue having not been reached by the PCR court, the appellate court found itself prevented from reaching the issue under Ariz. R. Crim. P. 32.9(c) (review limited to issues decided by trial court).

Petitioner then filed a Petition for Review (Exhibit X), seeking review by the Arizona Supreme Court.  Petitioner revived his arguments from his rejected "Revised" to the Arizona Court of Appeals that: (1) he was denied his constitutional rights under the 5th, 6th, and 14th Amendments when the trial court changed the plea agreement to eliminate the possibility for probation on both counts; (2) counsel was ineffective for failing to object to and advise Petitioner on the modification of the plea agreement; and (3) the prosecution engaged in misconduct in deceiving Petitioner about the availability of probation.   The petition for review was summarily denied on January 20, 2015. (Petition, Doc. 1, Exhibits at 46.)

## D.    <u>ORIGINAL FEDERAL HABEAS PROCEEDING</u>

On May 6, 2013, during the pendency of his Petition for Review with the Arizona Court of Appeals, Petitioner filed his original Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, in case CV-13-0943-PHX-SRB-JFM.   On January 31, 2014, that petition was dismissed in light of the ongoing state proceedings and failure to exhaust state remedies.  (CV-13-0943-PHX-SRB-JFM, Order 1/31/14, Doc. 18.)

/ /

/ /

4

### E.     PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on April 6, 2015 (Doc. 1).  Petitioner's Petition "raises one ground for relief for violation of his Fifth, Sixth, and Fourteenth Amendment rights based on the trial court altering the plea agreement without the knowledge or agreement of Petitioner, prosecutorial misconduct, and denial of the effective assistance of counsel."  (Order 7/8/15, Doc. 6 at 2.)   The allegations of prosecutorial misconduct and ineffective assistance are tied to the trial court's removal of the language in the plea agreement referencing the availability of probation on Count 1.

**Supplement** – On July 13, 2015, Petitioner filed his "Supplement" (Doc. 9).  The Court noted that the applicable rules precluded piecemeal modifications to a pleading, and construed this filing as a motion to supplement the record, which was granted, supplementing the record herein with the records attached to the Supplement.  (Order 7/20/15, Doc. 10.)

**Response** - On August 13, 2015, Respondents filed their Response ("Answer") (Doc. 13).  Respondents argue that Petitioner first presented his claims to the state courts in his Petition for Review to the Arizona Supreme Court, which was not fair presentation, and that he has now procedurally defaulted his state remedies. Respondents further argue that the claims are without merit because the plea agreement made clear that probation was not available on Count 1, the unavailability of probation was reviewed at the change of plea, and with the consent of the prosecution and defense, the court eliminated the language in the plea agreement referencing probation on Count 1, and Petitioner proceeded with the plea.

**Reply** – On August 14, 2015, the Court set September 18, 2015 as the deadline for a reply.  (Order 8/14/15, Doc. 14.)  Petitioner has not replied.

//

//

//

### III.   APPLICATION OF LAW TO FACTS

**A.   EXHAUSTION, PROCEDURAL DEFAULT AND PROCEDURAL BAR**

Respondents argue that Petitioner's state remedies on all of his claims are procedurally defaulted, and thus the claims are barred from federal habeas review.

**1.   Exhaustion Requirement**

Generally, a federal court has authority to review a state prisoner's claims only if available state remedies have been exhausted.  *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*). The exhaustion doctrine, first developed in case law, has been codified at 28 U.S.C. § 2254(b) and (c).  When seeking habeas relief, the burden is on the petitioner to show that he has properly exhausted each claim.  *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), *cert. denied*, 455 U.S. 1023 (1982).

Ordinarily, to exhaust his state remedies on a claim, the Petitioner must first fairly present the claim to the state courts.  "A petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim."  *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005).

**Proper Forum** - "In cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005)(quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)).

**Proper Vehicle** -  Ordinarily, "to exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32."  *Roettgen v. Copeland*,  33 F.3d 36, 38 (9th Cir. 1994).   Only one of these avenues of relief must be exhausted before bringing a habeas petition in federal court.  This is true even where alternative avenues of reviewing constitutional issues are still available in state court.  *Brown v.*

*Easter*, 68 F.3d 1209, 1211 (9th Cir. 1995); *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989).

**Factual Basis** – A petitioner must have fairly presented the operative facts of his federal claim to the state courts as part of the same claim.  A petitioner may not broaden the scope of a constitutional claim in the federal courts by asserting additional operative facts that have not yet been fairly presented to the state courts.  Expanded claims not presented in the highest state court are not considered in a federal habeas petition. *Brown v. Easter*, 68 F.3d 1209 (9th Cir. 1995); *see also, Pappageorge v. Sumner*, 688 F.2d 1294 (9th Cir. 1982), cert. denied, 459 U.S. 1219 (1983).  And, while new factual allegations do not ordinarily render a claim unexhausted, a petitioner may not "fundamentally alter the legal claim already considered by the state courts." *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986). *See also Chacon v. Wood*, 36 F.3d 1459, 1468 (9th Cir.1994).

**Legal Basis** - Failure to alert the state court to the constitutional nature of the claim will amount to failure to exhaust state remedies.  *Duncan v. Henry*, 513 U.S. 364, 366 (1995).   While the petitioner need not recite "book and verse on the federal constitution," *Picard v. Connor,* 404 U.S. 270, 277-78 (1971) (quoting *Daugherty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)), it is not enough that all the facts necessary to support the federal claim were before the state courts or that a "somewhat similar state law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982)(*per curiam*).  "[T]he petitioner must make the federal basis of the claim explicit either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law," *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005), or by "a citation to a state case analyzing [the] federal constitutional issue." *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003).  But a drive-by-citation of a state case applying federal and state law is not sufficient.

> For a federal issue to be presented by the citation of a state decision dealing with both state and federal issues relevant to the claim, the citation must be accompanied by some clear indication that the case

involves federal issues. Where, as here, the citation to the state case has no signal in the text of the brief that the petitioner raises federal claims or relies on state law cases that resolve federal issues, the federal claim is not fairly presented.

*Casey v. Moore*, 386 F.3d 896, 912 n. 13  (9th Cir. 2004).

**Fair Presentation** - "[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). The Arizona habeas petitioner "must have presented his federal, constitutional issue before the Arizona Court of Appeals within the four corners of his appellate briefing." *Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005).  *But see Insyxiengmay v. Morgan*, 403 F.3d 657, 668-669 (9th Cir. 2005) (arguments set out in appendix attached to petition and incorporated by reference were fairly presented).

## 2.   **Procedural Default**

Ordinarily, unexhausted claims are dismissed without prejudice. *Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991).  However, where a petitioner has failed to properly exhaust his available administrative or judicial remedies, and those remedies are now no longer available because of some procedural bar, the petitioner has "procedurally defaulted" and is generally barred from seeking habeas relief.  Dismissal with prejudice of a procedurally defaulted habeas claim is generally proper absent a "miscarriage of justice" which would excuse the default.  *Reed v. Ross*, 468 U.S. 1, 11 (1984).

Respondents argue that Petitioner may no longer present his unexhausted claims to the state courts.  Respondents rely upon Arizona's preclusion bar, set out in Ariz. R. Crim. Proc. 32.2(a) and time limit bar, set out in Ariz. R. Crim. P.  32.4.  (Answer, Doc. 13 at 15.)

**Remedies by Direct Appeal** - Under Ariz.R.Crim.P. 31.3, the time for filing a direct appeal expires twenty days after entry of the judgment and sentence. Moreover, as a pleading defendant, Petitioner had no right to file a direct appeal.  *See* Ariz.R.Crim.P.

17.1(e); and *Montgomery v. Sheldon*, 181 Ariz. 256, 258, 889 P.2d 614, 616 (1995). Accordingly, direct appeal is no longer available for review of Petitioner's unexhausted claims.

**Remedies by Post-Conviction Relief** – Under Arizona's preclusion, waiver and timeliness bars, Petitioner can no longer seek review by a subsequent PCR Petition.

Preclusion Bar – Under the rules applicable to Arizona's post-conviction process, a claim may not be brought in a petition for post-conviction relief if the claim was "[f]inally adjudicated on the merits on appeal or in any previous collateral proceeding." Ariz. R. Crim. P. 32.2(a)(2).

Waiver Bar - Under the rules applicable to Arizona's post-conviction process, a claim may not ordinarily be brought in a petition for post-conviction relief that "has been waived at trial, on appeal, or in any previous collateral proceeding." Ariz.R.Crim.P. 32.2(a)(3). Under this rule, some claims may be deemed waived if the State simply shows "that the defendant did not raise the error at trial, on appeal, or in a previous collateral proceeding." *Stewart v. Smith*, 202 Ariz. 446, 449, 46 P.3d 1067, 1070 (2002) (quoting Ariz.R.Crim.P. 32.2, Comments). *But see State v. Diaz*, 236 Ariz. 361, 340 P.3d 1069 (2014) (failure of PCR counsel, without fault by petitioner, to file timely petition in prior PCR proceedings did not amount to waiver of claims of ineffective assistance of trial counsel).

For others of "sufficient constitutional magnitude," the State "must show that the defendant personally, "knowingly, voluntarily and intelligently' [did] not raise' the ground or denial of a right." Id. That requirement is limited to those constitutional rights "that can only be waived by a defendant personally." *State v. Swoopes*, 216 Ariz. 390, 399, 166 P.3d 945, 954 (App.Div. 2, 2007). Indeed, in coming to its prescription in *Stewart v. Smith*, the Arizona Supreme Court identified: (1) waiver of the right to counsel, (2) waiver of the right to a jury trial, and (3) waiver of the right to a twelve-person jury under the Arizona Constitution, as among those rights which require a personal waiver. 202 Ariz. at 450, 46 P.3d at 1071.

Claims based upon ineffective assistance of counsel are determined by looking at "the nature of the right allegedly affected by counsel's ineffective performance. *Id*.

Here, none of Petitioner's claims are of the sort requiring a personal waiver, and Petitioner's claims of ineffective assistance similarly have at their core the kinds of claims not within the types identified as requiring a personal waiver.

<u>Timeliness Bar</u> - Even if not barred by preclusion, Petitioner would now be barred from raising his claims by Arizona's time bars.  Ariz.R.Crim.P. 32.4 requires that petitions for post-conviction relief (other than those which are "of-right") be filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later."  *See State v. Pruett*, 185 Ariz. 128, 912 P.2d 1357 (App. 1995) (applying 32.4 to successive petition, and noting that first petition of pleading defendant deemed direct appeal for purposes of the rule).   That time has long since passed.

<u>Exceptions</u> - Rules 32.2 and  32.4(a) do not bar dilatory claims if they fall within the category of claims specified in Ariz.R.Crim.P. 32.1(d) through (h).  See Ariz. R. Crim. P.  32.2(b) (exceptions to preclusion bar); Ariz. R. Crim. P.  32.4(a) (exceptions to timeliness bar).  Petitioner has not asserted that any of these exceptions are applicable to his claims.   Nor does it appears that such exceptions would apply.  The rule defines the excepted claims as follows:

> d. The person is being held in custody after the sentence imposed has expired;
> e. Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence. Newly discovered material facts exist if:
> > (1) The newly discovered material facts were discovered after the trial.
> > (2) The defendant exercised due diligence in securing the newly discovered material facts.
> > (3) The newly discovered material facts are not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance at trial such that the evidence probably would have changed the verdict or sentence.
> f. The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or

g. There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or

h. The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.

Ariz.R.Crim.P. 32.1.

Paragraph 32.1 (d) (expired sentence) generally has no application to an Arizona prisoner who is simply attacking the validity of his conviction or sentence.  Where a claim is based on "newly discovered evidence" that has previously been presented to the state courts, the evidence is no longer "newly discovered" and paragraph (e) has no application.  Here, Petitioner has long ago asserted the facts underlying his claims.  Paragraph (f) has no application where the petitioner filed a timely notice of post-conviction relief.  Paragraph (g) has no application because Petitioner has not asserted a change in the law since his last PCR proceeding.  Finally, paragraph (h), concerning claims of actual innocence, has no application to the procedural claims Petitioner asserts in this proceeding.

Therefore, none of the exceptions apply, and Arizona's time and waiver bars would prevent Petitioner from returning to state court.  Thus, Petitioner's claims that were not fairly presented are all now procedurally defaulted.


**3.**     **Application to Petitioner's Claims**

Petitioner first presented his current claims in his "Revised Petition for Review," which the Arizona Court of Appeals construed as a motion to supplement, and denied, instructing that new claims should be brought in the first instance in the PCR court.  Petitioner then raised the claims in his Petition for Review to the Arizona Supreme Court (Exhibit X).  (*See* Petition, Doc. 1 at 4-5 (summarizing claims presented to the Arizona courts).)

"Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute

fair presentation."  *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).  In *Casey v. Moore*, 386 F.3d 896 (9th Cir. 2004), the court reiterated that to properly exhaust a claim, "a petitioner must properly raise it on every level of direct review."  *Id*. at 916.

> Academic treatment accords: The leading treatise on federal habeas corpus states, "Generally, a petitioner satisfies the exhaustion requirement if he properly pursues a claim (1) throughout the entire direct appellate process of the state, or (2) throughout one entire judicial postconviction process available in the state."

*Id*. (quoting Liebman & Hertz, *Federal Habeas Corpus Practice and Procedure*, § 23.3b (4th ed. 1998) (emphasis added)).  Thus, raising "federal constitutional claims for the first and only time to the state's highest court on discretionary review" is not fair presentation.  *Casey*, 386 F.3d at 918.

Moreover, in Arizona, review of a petition for post-conviction relief by the Arizona Court of Appeals is governed by Rule 32.9, Arizona Rules of Criminal Procedure, which clarifies that review is available for "issues which were decided by the trial court."  Ariz. R. Crim. P.  32.9(c)(1)(ii).  *See also State v. Ramirez*, 126 Ariz. 464, 468, 616 P.2d 924, 928 (Ariz.App., 1980) (issues first presented in petition for review and not presented to trial court not subject to review).  Here, Petitioner had not raised his current claims in the PCR court, nor properly raised them in the Arizona Court of Appeals.  Accordingly, his attempted presentation in his revised petition in the Arizona Court of Appeals and his petition for review in the Arizona Supreme Court was not fair presentation.

Thus, Petitioner has never fairly presented to the Arizona appellate courts the claims he now raises.

Further, for the reasons discussed hereinabove, Petitioner can no longer raise those claims, and thus they are procedurally defaulted.

### 4.   **Cause and Prejudice**

If the habeas petitioner has procedurally defaulted on a claim, or it has been

procedurally barred on independent and adequate state grounds, he may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

"Cause" is the legitimate excuse for the default. *Thomas v. Lewis*, 945 F.2d 1119, 1123 (1991). "Because of the wide variety of contexts in which a procedural default can occur, the Supreme Court 'has not given the term "cause" precise content.'" *Harmon v. Barton*, 894 F.2d 1268, 1274 (11th Cir. 1990) (quoting Reed, 468 U.S. at 13), *cert. denied*, 498 U.S. 832 (1990).  The Supreme Court has suggested, however, that cause should ordinarily turn on some objective factor external to petitioner, for instance:

> ... a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that "some interference by officials", made compliance impracticable, would constitute cause under this standard.

*Murray v. Carrier*, 477 U.S. 478, 488 (1986) (citations omitted).

Petitioner asserts no cause for his failure to properly exhaust his state remedies.

The undersigned finds no basis for a finding of cause to excuse Petitioner's procedural defaults.

***Pro Se* Status** - Petitioner apparently speaks only Spanish, and has at various times been *pro se* (although at the most relevant time, the processing of his PCR petition, he was represented by counsel).  Nonetheless, the "cause and prejudice" standard is equally applicable to *pro se* litigants, *Harmon v. Barton*, 894 F.2d 1268, 1274 (11th Cir. 1990); *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 908 (9th Cir. 1986), whether literate and assisted by "jailhouse lawyers", *Tacho*, 862 F.2d at 1381; illiterate and unaided, *Hughes*, 800 F.2d at 909, or non-English speaking.  *Vasquez v. Lockhart*, 867 F.2d 1056, 1058 (9th Cir. 1988), cert. denied, 490 U.S. 1100 (1989).

**Ineffective Assistance of PCR Counsel** - Arguably, Petitioner's current federal claims should have been raised in his PCR proceeding, when he was represented by counsel. In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Court recognized that because courts increasingly reserve review of claims of ineffective assistance of trial counsel to

post-conviction relief proceedings, the ineffectiveness of counsel in such PCR proceedings could effectively defeat any review of trial counsel's ineffectiveness.  Accordingly, the Court recognized a narrow exception the normal rule that the ineffectiveness of PCR counsel cannot establish cause to excuse a procedural default on such a claim.

However, *Martinez* only applies to the important "right to the effective assistance of trial counsel."  132 S.Ct. at 1320.  Accordingly, any assertion that PCR counsel was ineffective in failing to raise Petitioner's claims that the court erred in striking the probation term, or that the prosecutor engaged in misconduct, cannot form cause to excuse a failure to properly exhaust state remedies.

For Petitioner to rely upon *Martinez*, Petitioner must "demonstrate[e] two things: (1) 'counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984),' and (2) 'the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.'"  *Cook v. Ryan*, 688 F.3d 598, 607 (9th Cir. 2012) (quoting *Martinez*, 132 S.Ct. at 1318).

Generally, claims of ineffective assistance of counsel are analyzed pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984).  In order to prevail on such a claim, Petitioner must show:  (1) deficient performance - counsel's representation fell below the objective standard for reasonableness; and (2) prejudice - there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at  687-88.  Although the petitioner must prove both elements, a court may reject his claim upon finding either that counsel's performance was reasonable or that the claimed error was not prejudicial.  *Id.* at 697.

A pleading defendant must prove he was prejudiced from counsel's ineffectiveness by demonstrating a reasonable probability "that but for counsel's errors,

he would either have gone to trial or received a better plea bargain." *U.S. v. Howard*, 381 F.3d 873, 882 (9th Cir. 2004).

In his Ground 1, Petitioner argues that trial counsel was ineffective for failing to object to and consult with Petitioner about the Court's alteration of the plea agreement. But Petitioner proffers nothing beyond his bald assertion to show that he would have gone to trial (or obtained a better plea offer) had counsel objected and adequately advised him about the modification.

The existence of mandatory prison sentence and unavailability of probation on Count 1 was a central component of the plea agreement and the plea colloquy.  The prosecution had previously made offers that required Petitioner to serve 35 years in prison, but had made a revised offer of 20 to 27 years in prison.  (Exhibit D, R.T. 9/21/10 at 5.)

The plea agreement provided with respect to Count 1: "The crime carries a presumptive sentence of **20 FLAT** years; a minimum sentence of **13 FLAT** years; a maximum sentence of **27 FLAT years**; and an aggravated sentence of years. Probation is **NOT** available."  (Exhibit C, Plea Agreement at 1 (emphasis in original).)  Moreover, the agreement included the stipulation on Count 1: "**Defendant shall serve a term in the Arizona Department of Corrections between 20-27 years flat.**"  (*Id.* at 2 (emphasis in original.)  In contrast, the parties had agreed that Petitioner would be placed on lifetime probation on Count 2.  (*Id.*)

At the change of plea proceeding, Petitioner began by asking the prosecutor if she could agree to "a little bit less or give me a little bit less."  (Exhibit D, R.T. 9/21/10 at 5.) This request would be inconsistent with a belief that probation was available on Count 1.

In reviewing the charges, the trial court restated the potential prison terms, and stated: "Probation is not available."  (*Id.* at 7.)  The court reiterated: "As I said, probation is not available for  Count 1, but it is available for Count 2, and you could be  placed on probation for as long as your natural lifetime."  (*Id.* at 8.)   The court went on:

> THE COURT: . . . On the last bolded and underlined line regarding Count 1, it says defendant may be placed on probation for any term up to his natural lifetime. That is not correct with respect to Count 1. May I strike that?
> MS. HUMM [prosecutor]: Oh, yes, Your Honor. I'm sorry.
> THE COURT: Any objection?
> MR. SALTER [defense counsel]: No, Your Honor.

(*Id.* at 8.)   The trial court then sought Petitioner's acknowledgement of the sentencing range, and then again reviewed it with Petitioner:

> THE COURT: . . . Sir, do you understand the possible range of penalties and the mandatory term for each of these crimes?
> THE DEFENDANT: Yes.
> THE COURT: Your agreement with the State indicates that as to Count 1, you shall serve a term in the Arizona Department of Corrections between 20 to 27 years flat time.
> For Count 2, you shall be placed on lifetime probation upon your ultimate release from prison on Count 1, which shall include all sex offender terms, sex offender treatment, sex offender registration and DNA testing.
> As to both counts, you shall have no contact with any victims arising out of the Scottsdale Police Departmental Report Number 10-07739. You shall pay restitution to said victim or victims in an amount not to exceed $250,000.
> In return, the State agrees to dismiss or not allege life imprisonment pursuant to ARS Section 13-705(A).
> Sir, is this the true and correct agreement you have reached with the State in your case?
> THE DEFENDANT: Yes.

(*Id.* at 9.)  Petitioner then proceeded to enter his plea of guilty without objection to the striking of the reference to probation on Count 1 or the indication that he was committing to serve 20 to 27 years flat time on that count.

At sentencing, Petitioner's counsel acknowledged that under the plea, the "lower limit is capped at the presumptive which is 20 years in this case."  (Exhibit E, R.T. 2/22/11 at 15.)  Counsel argued that 20 years "would be an appropriate sentence."  (*Id.* at 18.)   The prosecution then sought to clarify that the 20 years was a minimum, not a maximum:

> MS. HUMM: … One, the plea is not capped at the presumptive, which she talked about at the beginning.
> THE COURT: She said it was a floor.
> MS. HUMM: But she kept saying capped, so I just wanted to make sure.
> THE COURT: I understood what she meant.

(*Id.* at 21.) No objection was raised by Petitioner to the assertion that he was required to

serve a minimum of 20 years in prison, and was not entitled to probation, on Count 1.

In sum, the record plainly reflects that Petitioner had consistently understood that Petitioner would be required to serve a substantial prison sentence on Count 1, and to not be entitled to be placed on probation on that count.  It is also plain that the inclusion of the reference in the plea agreement to probation on Count 1 was a drafting error or surplusage, and not the intent or expectation of the parties.

Moreover, Petitioner proffers no defense that could have been waged at trial. And, as part of the plea agreement, he avoided risking exposure to a life sentence, with a minimum of 35 years flat time required.  *See* Ariz. Rev. Stat. § 13-705(a).  (*See* Exhibit C, Plea Agreement at 2 (waiving allegation of life imprisonment).)  Moreover, it was plain that one of the most substantial mitigating factors to be used at sentencing was Petitioner's acceptance of responsibility and remorse.  (*See* Exhibit D, R.T. 9/21/10 at 5 (prosecutor referencing agreement for sentencing before settlement judge in light of observations of remorse).)  *See United States v. Keller*, 902 F.2d 1391, 1394-95 (9th Cir. 1990) (petitioner failed to show prejudice because he entered plea as alternative to long trial, possible conviction on more serious charges and a longer sentence; additional information about parole eligibility was unlikely to affect his decision).

Based on the foregoing, the undersigned finds that even had counsel objected to the striking of the probation language or advised Petitioner that it was objectionable, there is not a reasonable likelihood that Petitioner would have elected to plead not guilty and proceed to trial, or obtained a more favorable plea agreement.

Therefore, Petitioner's claim that trial counsel was ineffective was not substantial.

Moreover, even if the underlying claim was of some merit, given the limited merits of the claim, and the risk to Petitioner of having the plea agreement set aside and Petitioner left to proceed to trial without a substantial defense, the undersigned finds no basis to conclude that a decision by PCR counsel to not bring the claim was deficient performance.

Accordingly, the undersigned concludes that Petitioner has failed to show cause

17

under *Martinez* to excuse his failure to exhaust his state remedies on his claim of ineffective assistance of trial counsel.

**Prejudice** - Both "cause" and "prejudice" must be shown to excuse a procedural default, although a court need not examine the existence of prejudice if the petitioner fails to establish cause. *Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 n. 10 (9th Cir.1991). Petitioner has filed to establish cause for his procedural default. Accordingly, this Court need not examine the merits of Petitioner's claims or the purported "prejudice" to find an absence of cause and prejudice.

## 5. **Actual Innocence**

The standard for "cause and prejudice" is one of discretion intended to be flexible and yielding to exceptional circumstances, to avoid a "miscarriage of justice." *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986). Accordingly, failure to establish cause may be excused "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (emphasis added). Although not explicitly limited to actual innocence claims, the Supreme Court has not yet recognized a "miscarriage of justice" exception to exhaustion outside of actual innocence. *See* Hertz & Lieberman, *Federal Habeas Corpus Pract. & Proc.* §26.4 at 1229, n. 6 (4th ed. 2002 Cumm. Supp.). The Ninth Circuit has expressly limited it to claims of actual innocence. *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008).

A petitioner asserting his actual innocence of the underlying crime must show "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence" presented in his habeas petition. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). A showing that a reasonable doubt exists in the light of the new evidence is not sufficient. Rather, the petitioner must show that no reasonable juror would have found the defendant guilty. *Id*. at 329. This standard is referred to as the "*Schlup* gateway." *Gandarela v. Johnson*, 286 F.3d 1080, 1086 (9th Cir. 2002).

Here, Petitioner makes no assertion of his innocence of the offenses.

**6.**     **Conclusion Regarding Procedural Default**

Based on the foregoing, the undersigned concludes that Petitioner has procedurally defaulted his state remedies on all his claims, and has failed to show cause and prejudice or actual innocence to excuse his procedural defaults.  Accordingly, the Petition must be dismissed with prejudice.

**B.**     **MERITS**

Respondents argue that Petitioner's claims are without merit.  Because the undersigned finds the claims plainly barred from habeas review as procedurally defaulted, the merits of the claims are not reached.

### IV.    CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment.  The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner.  Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is

straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."   *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds.   Under the reasoning set forth herein, jurists of reason would not find it debatable whether the district court was correct in its procedural ruling.

Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed April 6, 2015 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, to the extent the foregoing findings and recommendations are adopted in the District Court's order, a Certificate of Appealability be **DENIED**.

## VI.   EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.   Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties

shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.   Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: November 19, 2015

15-0623r RR 15 11 16 on HC.docx

James F. Metcalf
United States Magistrate Judge

21